No. 24-40137

United States Court of Appeals
for the Fifth Circuit

United States of America,

Plaintiff-Appellant,

v.

Ali Danial Hemani,

Defendant-Appellee,

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
Case No. 4:23-cr-18-1

**Motion for Summary Affirmance and Alternative Motion to Extend Time for Appellee's Brief**

David C. Boyer
Newland Legal, PLLC
P.O. Box 1413
Midlothian, Texas 76065
(469) 899-9664
David@newlandlegal.com
TX Bar No. 24136752

Zachary L. Newland
Newland Legal, PLLC
P.O. Box 3610
Evergreen, Colorado 80437
(303) 948-1489
Zach@newlandlegal.com
TX Bar No. 24088967

*Attorneys for Ali Hemani*

Appellee Ali Danial Hemani ("Mr. Hemani") moves for summary affirmance of the district court's judgment. The Government concedes in its opening brief that this appeal is foreclosed by binding circuit precedent in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023) (Br. of Appellant, pp. 1, 5, 35). This Court should summarily affirm the district court's judgment. If the Court instead orders further briefing, Mr. Hemani seeks an additional 30 days to file his brief.

**Background**

On February 8, 2024, a federal grand jury sitting in the Eastern District of Texas returned a one-count Indictment charging Mr. Hemani with possession of a firearm by a user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [ROA.12–13]. Mr. Hemani filed a motion to dismiss the Indictment on the ground that 18 U.S.C. § 922(g)(3) is unconstitutional on its face. [ROA.28–40]. A magistrate judge recommended the district court grant the motion and find 18 U.S.C. § 922(g)(3) unconstitutional. [ROA.224–252].

While Mr. Hemani's motion was still pending, this Court issued its decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023) holding 18 U.S.C. § 922(g)(3) unconstitutional in an as-applied challenge. Mr.

1

Hemani filed an amended motion to dismiss arguing that § 922(g)(3) was unconstitutional as applied to him. [ROA.292–297]. The Government conceded that under *Daniels* dismissal of the Indictment was appropriate but preserved its argument that *Daniels* was wrongly decided. [ROA.299–300]. The district court entered an order dismissing the Indictment. [ROA.348]. The government filed a timely notice of appeal on February 29, 2024. [ROA.349].

## Argument

**I. This Court should summarily affirm the district court because binding precedent forecloses the Government's argument.**

"Summary affirmance is appropriate if 'the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case.'" *United States v. Arambula*, 950 F.3d 909, 909 (5th Cir. 2020) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)). Under this Court's binding precedent, there is no substantial question as to the outcome of this case. As the Government concedes, this Court's decision in *Daniels* forecloses the Government's argument. This Court has since upheld *Daniels* in *United States v. Gil*, No. 23-50525, 2024 WL 2186916 (5th Cir.

May 15, 2024). Thus, as explicitly recognized, the Government's arguments are foreclosed and summary affirmance is warranted.

**II. Should this Court order further briefing, it should grant Mr. Hemani 30 days from that order to submit an appellee's brief.**

Summary affirmance is the most appropriate and efficient disposition. But if this Court instead orders further briefing, Mr. Hemani requests 30 days from an order directing further briefing to draft, review, and file a brief of appellee.

## Conclusion

The Government concedes that its arguments on appeal are foreclosed by this Court's decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023). The Court should summarily affirm the district court's judgment. Alternatively, if the Court finds further briefing necessary, Mr. Hemani respectfully requests 30 days from the order directing further briefing to submit his appellee's brief.

Respectfully submitted,

/s/ David C. Boyer
David C. Boyer
Newland Legal, PLLC
P.O. Box 1413
Midlothian, Texas 76065
Tel: (469) 899-9664

David@newlandlegal.com
TX Bar No. 24136752

/s/ Zachary L. Newland
Zachary L. Newland
Newland Legal, PLLC
P.O. Box 3610
Evergreen, Colorado 80437
(303) 948-1489
Zach@newlandlegal.com
TX Bar No. 24088967

*Attorneys for Mr. Hemani*

## Certificate of Conference

I hereby certify that on June 20, 2024, I emailed Assistant U.S. Attorney Bradley Visosky, counsel of record for the United States, for the Government's position on this motion. As of filing this motion, I have not received a response.

/s/ David C. Boyer
David C. Boyer

**Certificate of Service**

I certify that a true and correct copy of this motion was duly served on the United States via the Court's CM/ECF system this 20th day of June 2024.

/s/ David C. Boyer
David C. Boyer

**Certificate of Compliance**

I certify that this document complies with Fed. R. App. P. 27(d)(2)(A) because this document contains 837 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook font, size 14.

/s/ David C. Boyer
David C. Boyer