# United States Court of Appeals for the Fifth Circuit

---

No. 24-40137

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

ALI DANIAL HEMANI,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-18-1

---

UNPUBLISHED ORDER

Before HO, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:

A grand jury charged Ali Danial Hemani with possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The district court granted Hemani's motion to dismiss the indictment in light of *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *cert. granted, vacated, and remanded*, 2024 WL 3259662 (U.S. July 2, 2024) (No. 23-376). The Government appealed.

No. 24-40137

The Government initially conceded that its argument that § 922(g)(3) is constitutional as applied to Hemani was foreclosed by *Daniels* but raised the issue to preserve it for further review. Hemani filed an opposed motion for summary affirmance agreeing that the issue was foreclosed by *Daniels*. However, while the case was pending, the Supreme Court vacated *Daniels* and remanded the matter for further consideration in light of its decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *See United States v. Daniels*, No. 23-376, 2024 WL 3259662 (U.S. July 2, 2024). The parties now agree that summary affirmance is inappropriate, as the issue raised on appeal is no longer foreclosed by circuit precedent. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *cf. United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010). Accordingly, Hemani's motion for summary affirmance is DENIED. His alternative motion for a 30-day extension of time to file a merits brief is GRANTED. The clerk is DIRECTED to resume the briefing schedule.