No. 24-40137

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

v.

ALI DANIAL HEMANI,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
No. 4:23-CR-18-1

APPELLANT UNITED STATES OF AMERICA'S
UNOPPOSED MOTION FOR SUMMARY AFFIRMANCE

In *United States v. Connelly*, this Court recently held that 18 U.S.C. § 922(g)(3), which makes it unlawful for any person who is an unlawful user of a controlled substance to possess a firearm, was unconstitutional under the Second Amendment as applied to Paola Connelly, "a non-violent, marijuana smoking gunowner." – F.4th --, 2024 WL 3963874, *1 (5th Cir. Aug. 28, 2024). The Court held that "[b]y regulating Paola based on habitual or occasional drug use, §

1

922(g)(3) imposes a far greater burden on her Second Amendment rights than our history and tradition of firearms regulation can support." *Id*. at *10.

The government disagrees with *Connelly*. The government believes that Section 922(g)(3)'s temporary restriction on firearm possession while an individual unlawfully uses controlled substances is consistent with the principles that underpin the Second Amendment. *See, e.g.*, USA Opening Brief, Dkt. No. 29; USA Resp. to Mot. for Summary Affirmance, Dkt. No. 32. But the government cannot meaningfully distinguish the material facts of *Connelly* from those of this case. Hemani, too, was a habitual marijuana user (he admitted to using marijuana about every other day) during the time he possessed a firearm, but there was no evidence that he was intoxicated on the drug at the time of his arrest or while he carried the weapon. ROA.380-81; *Connelly*, 2024 WL 3963874, *9-10.

Because *Connelly* forecloses the arguments advanced in the government's opening brief, summary affirmance is appropriate. The government believes, however, that *Connelly* was wrongly decided and that Section 922(g)(3) is valid under the Second Amendment. The government thus reserves its right to preserve the constitutionality of Section 922(g)(3) as applied to Hemani for further review.

The Court should grant summary affirmance.

                        Respectfully submitted,

                        /s/ *Bradley Visosky*
                        BRADLEY VISOSKY
                          Assistant U.S. Attorney
                          Eastern District of Texas
                          101 E. Park Blvd., Suite 500
                          Plano, Texas, 75074
                          (972) 509-1201

### CERTIFICATE OF SERVICE

I certify that on September 16, 2024, a copy of this motion will be served on counsel for appellee through use of the Court's CM/ECF system.

                          /s/ *Bradley Visosky*
                          Bradley Visosky

### CERTIFICATE RELATED TO FIFTH CIRCUIT RULE 25.2

I certify under Fifth Circuit Rule 25.2 that: (1) all required privacy redactions have been made from the foregoing motion; and (2) the electronically-submitted document has been scanned for viruses with the most recent version of commercially available virus scanning software and is free of viruses.

                          /s/ *Bradley Visosky*
                          Bradley Visosky

### CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion was prepared in a 14-point, proportionally spaced, serif font using Microsoft Word 2016; the response contains 281 words, excluding the parts exempted by Fed. R. App. P. 32(f); and, accordingly, the response complies with Fed. R. App. P. 27(d).

                          /s/ *Bradley Visosky*
                          Bradley Visosky

## CERTIFICATE OF CONFERENCE

On September 13, 2024, I conferred with counsel for the appellee, David Boyer, about the relief requested in this motion, and Mr. Boyer is unopposed.

/s/ *Bradley Visosky*
Bradley Visosky

C