# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2025
Lyle W. Cayce
Clerk

No. 24-40137

United States of America,

*Plaintiff—Appellant*,

versus

Ali Danial Hemani,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-18-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

  A grand jury charged Ali Danial Hemani with possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The district court granted Hemani's motion to dismiss the indictment, and the Government appealed. In the meantime, various decisions have occurred and, most relevant at this point, our court in *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), ruled on an "as-applied"

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

case similar to this one. As here, *Connelly* concerned a motion to dismiss the indictment where the government did not seek to prove that Connelly was unlawfully using a controlled substance at the time she was found in possession of a firearm. Our court concluded that, because there was no effort to show that Connelly, despite being a regular drug user, was intoxicated at the time she was arrested possessing a firearm, applying § 922(g)(3) to her was unconstitutional as applied.[1] Following that decision, Hemani filed a Rule 28(j) letter stating we should affirm the court's dismissal. Based on that same case, the Government filed a motion for summary affirmance (joined by Hemani) because, despite disagreeing with that case, it concluded that it applies here and is not relevantly distinguishable.[2] Thereafter, another panel of our court issued an opinion in *United States v. Daniels*, No. 22-60596, applying *Connelly* in the context of a § 922(g)(3) conviction. 2025 WL 33402 (5th Cir. Jan. 6, 2025). There, our court held that Daniels's conviction was unconstitutional because of jury instructional error. *Daniels* did not address whether the government's evidence was deficient, holding only that the jury was improperly instructed. Here, the Government concedes its evidence is deficient under *Connelly*'s binding precedent and that this deficiency is dispositive.

Given the parties' agreement on summary affirmance and the application of our precedent here, we AFFIRM.

---

[1] It denied the facial challenge.

[2] While seeking summary affirmance, it reserves the right for further review.